UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRENTON KAMINSKI, et al., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-551 |
| | § | |
| BWW SUGAR LAND PARTNERS, et al., | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

Before the court in this Fair Labor Standards Act ("FLSA") case are four motions to dismiss filed by various named defendants (or groups of named defendants). Dkts. 21, 22, 23, 24, 33. The court, having considered the motions, the responses, the replies, and the applicable law, is of the opinion that the motions should be GRANTED, but that plaintiffs should be permitted leave to amend their complaint to include allegations sufficient to inform each named defendant of their alleged role as an FLSA "employer."

BACKGROUND

This is a proposed collective action asserting violations of the FLSA's minimum wage and overtime provisions. Dkt. 1 at ¶¶ 2-3. Plaintiffs also allege a violation of the FLSA arising from illegal deductions from their pay. *Id*. at ¶ 4. The 51 named defendants are collectively alleged to be "in the business of operating restaurants in Texas and surrounding states," and the 5 named plaintiffs are each alleged to have been employed "by Defendants" as "servers" at various times between March, 2007 and the date of the complaint. Dkt. 1, ¶¶ 65-70. The complaint does not identify the name or location of any of the restaurants allegedly operated by defendants, nor does it identify by name or location the restaurant (or restaurants) where any named plaintiff was employed.

Instead, all allegations concerning violations of the FLSA are made globally against all defendants. Plaintiffs indicate in their response to the motion to dismiss, however, that defendants "collectively own and/or operate numerous Buffalo Wild Wings" franchises. Dkt. 31 at 3.

## MOTION TO DISMISS STANDARD

In considering a 12(b)(6) motion, a court must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In order to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S.Ct. 1955 (2007)). This plausibility standard requires the plaintiff to plead facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Pleadings must be sufficient to nudge plaintiff's claims across the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

## ANALYSIS

"To be bound by the requirements of the Fair Labor Standards Act, one must be an 'employer.' 29 U.S.C. §§ 206-07. An employer is 'any person acting directly or indirectly in the interests of an employer in relation to an employee.' 29 U.S.C. § 203(d)." *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984). The moving defendants note the general allegation in the complaint that plaintiffs were "employed by Defendants," and argue that this simply does not set

2

forth a plausible claim that each of the named defendants acted "directly or indirectly" with respect to any of the named plaintiffs. Indeed, defendants argue that plaintiffs are attempting to hold them liable on a "multiple employer" theory under the FLSA without providing any supporting factual allegations.

In a given case, the FLSA "contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA." *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991) (*citing Falk v. Brennan*, 414 U.S. 190, 195, 94 S.Ct. 427 (1973)). While the concept of multiple employers is an accepted one for purposes of the FLSA, the question of whether a particular defendant is an "employer" under the FLSA, "must focus upon the totality of the circumstances, underscoring the economic realities of the [employees'] employment." *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983). Thus, a person "'with operational control of a corporation's enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" *Grim Hotel Co.*, 747 F.2d at 971-72 (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). The definition of employer is broad enough to encompass an individual, who although lacking a possessory stake in the corporation, "effectively dominate[s] [the corporation's] administration or otherwise acts, or has the power to act, on behalf of the corporation vis-á-vis its employees." *Reich v. Circle C Inv., Inc.*, 998 F2d 324, 329 (5th Cir. 1993); *see also Grim Hotel*, 747 F.2d at 972 (examining the definition in the context of one who "independently exercised control over the work situation"). In addition to analyzing corporation administration in determining FLSA employer liability, courts also look to whether an individual undertakes "managerial responsibilities" relating to the corporation or exerts "substantial control" over its operation. *Falk v. Brennan*, 414 U.S. 190, 195, 94 S. Ct. 427 (1973); *see Reich*, 998 F.2d

at 329 (noting that defendant was the "driving force" behind the corporation and thus met the definition of an employer).

Plaintiffs take the position that, having alleged they "worked for" defendants, they have met their pleading obligation with respect to defendants' status as FLSA employers. Dkt. 31 at 6. Plaintiffs' argument ignores the fact-specific nature of the FLSA's inquiry where a multiple employer situation is alleged (and there can no doubt that plaintiffs must be asserting a multiple employer situation), as well as the requirement that any claim alleged must be facially plausible in light of the facts alleged. Where a complaint seeks to hold more than one employer liable under the FLSA, some facts at least of the employment relationship must be set forth in order to make out a facially plausible claim of multiple employer liability under the FLSA. There simply are no such facts alleged in the complaint. In fact, it is only by reference to defendants' filings in this case, and plaintiff's responsive briefing, that the court was able to discover that defendants own and operate Buffalo Wild Wings franchises (referred to as "Operating Defendants"), or are entities that simply have ownership interests in the Operating Defendants ("Non-Operating Defendants"). Limiting the analysis to the face of the complaint, plaintiffs have not alleged the location of the Buffalo Wild Wings restaurant(s) where they were employed, nor have they offered any allegations that would permit the court to determine how they believe the multitude of named defendants could all qualify as employers under the FLSA.

The complaint in this case does not set forth sufficient factual averments to state a facially plausible claim that the moving defendants are each "employers" under the FLSA. The motions to dismiss will be granted.

When a complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice. *See Great Plains*

*Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.") The court cannot say that amendment would be futile in this case with respect to all named defendants, and particularly as to those Non-Operating Defendants who may have an ownership interest in any specific restaurant where plaintiffs actually worked. Therefore, plaintiffs will be permitted to amend their complaint to allege facts that support a plausible that each named defendant is a joint or multiple employer under the FLSA.

## CONCLUSION

Therefore, defendants' motions to dismiss (Dkts. 21, 22, 23, 24, 33) are GRANTED. Plaintiffs shall file an amended complaint on or before December 18, 2010, consistent with Rule 11, setting out the basis for claiming that defendants are employers under the FLSA. Defendants' motions in the alternative for summary judgment (Dkts. 23, 24) are DENIED WITHOUT PREJUDICE, as is plaintiff's motion for extension of time to respond to the motions for summary judgment (Dkt. 30).

Signed at Houston, Texas on November 19, 2010.

_____
Gray H. Miller
United States District Judge