UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRENTON KAMINSKI, *et al.*, | § | |
| | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-551 |
| | § | |
| BWW SUGAR LAND PARTNERS, *et al.*, | § | |
| | § | |
|     *Defendants*. | § | |

## ORDER

Before the court in this Fair Labor Standards Act ("FLSA") case is a motion to dismiss filed by Larry Harris, Jason Kemp and Allen Jones (Dkt. 41). The court, having considered the motion, the responses, the replies, and the applicable law, is of the opinion that the motion should be GRANTED IN PART AND DENIED IN PART, and that plaintiffs should be permitted leave to amend their complaint to include allegations sufficient to inform each named defendant of their alleged role as an FLSA "employer."

This is a proposed collective action asserting violations of the FLSA's minimum wage and overtime provisions. Dkt. 1 at ¶¶ 2-3. Plaintiffs also allege a violation of the FLSA arising from illegal deductions from their pay. *Id.* at ¶ 4. The 51 named defendants are collectively alleged to be "in the business of operating restaurants in Texas and surrounding states," and the 5 named plaintiffs are each alleged to have been employed "by Defendants" as "servers" at various times between March, 2007 and the date of the complaint. Dkt. 1, ¶¶ 65-70. The complaint does not identify the name or location of any of the restaurants allegedly operated by defendants, nor does it identify by name or location the restaurant (or restaurants) where any named plaintiff was

employed. Instead, all allegations concerning violations of the FLSA are made globally against all defendants.

Defendants Harris, Kemp and Jones seek dismissal for lack of proper service under Federal Rules of Civil Procedure 12(b)(4) and (5). They also move to dismiss under Rule 12(b)(6) on the basis that there are no factual allegations sufficient to state a facially plausible claim that they are "employers" as that term is the FLSA.

The motion to dismiss premised upon improper service is moot in light of the court's order granting substituted service on the moving defendants. Dkt. 49. The motion to dismiss for failure to serve process within 120 days of the filing of the complaint as required by Rule 4(m) will also be denied because the evidence supporting the grant of substituted service is also sufficient to warrant an extension of the time for service under Rule 4(m).

Defendants' motion to dismiss for failure to state a claim, however, will be granted for the same reasons set forth at length in the order with respect to motions to dismiss filed by other defendants; plaintiffs have not alleged facts sufficient to state a facially plausible claim that the moving defendants are "employers" for purposes of the FLSA. Plaintiffs will, however, be permitted to amend their complaint in this respect.

Defendants' motion to dismiss (Dkt. 41) is GRANTED IN PART AND DENIED IN PART. Plaintiffs shall file an amended complaint on or before December 18, 2010, consistent with Rule 11, setting out the basis for claiming that defendants are employers under the FLSA.

Signed at Houston, Texas on November 30, 2010.

_____
Gray H. Miller
United States District Judge